David J. McGlothlin, Esq. (SBN: 253265)
david@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorneys for the Plaintiff
Adi Cebo

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Adi Cebo,<br><br>                    Plaintiff,<br>v.<br><br>CMRE Financial Services, Inc.,<br><br>                    Defendant. | **Case Number:** '17CV0211 JLS  BGS<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices

---

**Complaint**      - 1 of 8 -

contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Adi Cebo, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of CMRE Financial Services, Inc. ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

**JURISDICTION AND VENUE**

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

9. Because Defendant operates within and does business within the State of California, personal jurisdiction is established.

10. Because Plaintiff is located in California, and Defendant did business here, Defendant is subject to the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

11. Venue is proper pursuant to 28 U.S.C. § 1391 because the actions giving rise to the cause of actions brought in the case occurred within this judicial district.

**PARTIES**

12. Plaintiff is a natural person who resides in the State of California.

13. Defendant is located in the city of Brea, and the State of California.

14. Defendant regularly does business within the County of San Diego.

15. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

17. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from

Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

18. Defendant, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

19. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

20. At all times relevant to this matter, Plaintiff was an individual with his personal residence within the State of California.

21. At all times relevant, Defendant conducted business within the State of California.

22. At all times relevant, Defendant was subject to the laws of the State of California.

23. Sometime before August 2016, Plaintiff is alleged to have incurred certain financial obligations.

24. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

25. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

26. Sometime thereafter, but before August 2016, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently disputes the validity of this alleged debt.

27. On or about August 2016, Defendant sent a letter to Plaintiff in an attempt to collect an alleged debt.

28. This letter was a "communication" as 15 U.S.C. §1692a(2) defines that term.

29. Subsequently, on or about September 2, 2016, Plaintiff disputed the alleged debt and requested specific information from Defendant concerning the alleged debt.

30. After more than thirty days, Plaintiff became frustrated by not receiving a response by Defendant. Plaintiff then sent Defendant a cease and desist.

31. In this letter, Plaintiff advised Defendant that Plaintiff wished Defendant to cease further communication with the Plaintiff in a manner consistent with the requirements pursuant to 15 U.S.C. § 1692c(c).

32. Plaintiff sent his cease and desist letter by certified mail and has confirmed that Defendant signed for and received Plaintiff's letter.

33. After signing for Plaintiff's cease and desist letter, on or about October 25, 2016, Defendant then sent Plaintiff another letter attempting to collect the alleged debt.

34. In Defendant's October 25, 2016 letter, Defendant alleged an amount owed of $278.00, interest in the amount of $5.26 for a total amount of $283.26.

35. This action was in violation of 15 U.S.C. § 1692c(c).

36. Because this action violated the language in 15 U.S.C. § 1692c(c), Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692c(c).

37. Plaintiff was aware of his rights to stop a debt collector from communicating with him after a cease and desist letter.

38. Plaintiff was frustrated by Defendant's refusal to provide him with specific requested documents and therefore did not want to communicate any further with Defendant.

39. Through Defendant's actions, Plaintiff suffered an invasion of a legally protected interest in limiting communications from debt collectors, which is specifically addressed and protected by both the Federal Fair Debt Collection Practices Act as well as the California Rosenthal Act.

40. Defendant willfully ignoring Plaintiff's request to end all communication frustrated, angered, and distressed Plaintiff.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.

41. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

42. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

43. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)
### CAL. CIV. CODE §§ 1788-1788.32

44. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

45. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32

46. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692 ET SEQ.**

47. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

48. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

49. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

**COUNT II**

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)**

**CAL. CIV. CODE §§ 1788-1788.32**

50. An award of actual damages pursuant to Cal. Civ. Code § 1788.30(a);

51. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

52. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

### TRIAL BY JURY

53. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Date: February 2, 2017                    Hyde & Swigart

                                          By: /s/ David J. McGlothlin
                                          David J. McGlothlin
                                          Attorneys for the Plaintiffs

**HYDE & SWIGART**
Phoenix, Arizona